UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE HERNANDEZ and WILLIE
HILL, on their own behalf and
others similarly situated,

        Plaintiffs,
v.                                  Case No. 8:14-cv-1902-T-33AEP

CRACKER BARREL OLD COUNTRY
STORE, INC.,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. # 12), filed on August 29, 2014. Plaintiffs, Jose Hernandez and Willie Hill, filed a Response in Opposition to the Motion to Dismiss (Doc. # 29) on October 9, 2014. For the reasons that follow, the Court denies the Motion to Dismiss.

**I.    Background**

Hernandez and Hill worked for Cracker Barrel at multiple locations in Hillsborough and Hernando County, Florida, in a position entitled "Associate Manager." (Doc. # 1 at ¶ 4). Their position involved primary job duties that were non-exempt in nature. (Id.).

On August 7, 2014, Hernandez and Hill filed this putative Collective Action Complaint against Cracker Barrel alleging a

violation of the Fair Labor Standards Act, 29 U.S.C. § 207, for Recovery of Overtime Compensation. (See Id.). Cracker Barrel seeks dismissal of this action pursuant to Middle District of Florida Local Rule 3.01(a)[1] as "the instant action raises the same claims and issues which are currently pending against Defendant Cracker Barrel in the Northern District of New York." (Doc. # 12).

## II. Analysis

Cracker Barrel seeks dismissal of the case before this Court as "the exact same claim has been brought against Cracker Barrel by another Associate Manager in the Northern District of New York." (Id.). It is Cracker Barrel's position that the "first-filed rule" requires that this Court defer to the action pending in the Northern District of New York. (Id.). However, Hernandez and Hill contend that dismissal is improper as it is not the decision of this Court, but the

---

[1] The Court notes that although Cracker Barrel cited to Local Rule 3.01(a), Local Rule 1.04 is more appropriate. Rule 1.04 states in relevant part that "if cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42, Fed. R. Civ. P., or Rule 13, Fed. R. Civ. P. The moving party shall file a notice of filing the motion to consolidate, including a copy of the motion to consolidate, in each related case."

2

Court in the Northern District of New York that should make the determination of whether to apply the "first-filed rule." (Doc. # 29).

The "first to file" rule states that "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); see, e.g., United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990)(describing the first-filed rule as "well-established"); Church of Scientology of Cal. v. United States Dep't of Defense, 611 F.2d 738, 750 (9th Cir. 1979)(noting that the first-filed rule "should not be disregarded lightly"). The case pending before the Northern District of New York, styled Proper et al. v. Cracker Barrel Old Country Store, Inc., Case No. 3:14-CV-413, was filed on April 11, 2014. The case before this Court was filed on August 7, 2014, 118 days after the Proper action. (Doc. # 12).

"[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and

3

consolidated." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999);(quoting Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997)). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." (Id.) (quotations omitted); e.g., Perkins v. Am. Nat. Ins. Co., 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action."); Street v. Smith, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006); Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005) ("[T]he first-filed rule generally requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances,' favors transfer of the first-filed case to the second court for consolidation.").

This Court notes that the application of the first-filed rule is not mandatory, but rather committed soundly to the district court's discretion. Allstate Ins. Co. v. Clohessy, 9

F. 3d 1314, 1316 (M.D. Fla. 1998)(see White v. Microsoft Corp., No. 1:05-CV-00731, 2006 U.S. Dist. LEXIS 77010, at * 9, ("The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.")). Furthermore, "district courts have the discretion to dispense with the first-to-file rule where equity so demands." Barnett v. Ala., 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001).

Here, Cracker Barrel has not provided this Court with any indication in its Motion to Dismiss or by way of notice that a request for consolidation or transfer has been made in the Northern District of New York. In addition, it appears that the Court in the Proper case has endorsed a 180-day stay, during which time the parties were to conduct discovery. (Doc. # 29 at 8-9). As Plaintiffs correctly point out, the Proper case is at an entirely different procedural posture than the action pending before this Court and dismissing this action would prejudice Plaintiffs in this case. The case before this Court did not enter into an "expedited discovery and mediation process," as is the course for the Proper case. (Doc. # 12, Proper). As the "first-to-file rule" is the sole basis of Defendant's Motion to Dismiss (Doc. # 12), this Court finds

5

that dismissal of this action would not be in the interests of justice, and therefore, the Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss Plaintiffs' Complaint(Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of October, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record